HOLMES, Judge
(dissenting).
I respectfully dissent.
The question, as pointed out by the plaintiff, is whether Big Three Motors represented to plaintiff that it was the owner of the automobile in question and that it had a right to sell the vehicle. Put another way, the issue is not whether Big Three knew there was a prior encumbrance on the vehicle, but whether Big Three knew it was not the owner of the vehicle when it represented that it was the owner.
Without addressing the propriety of the majority’s implied conclusion that it is no longer the law in Alabama that representations made recklessly without regard for the truth if made heedlessly without any regard to the consequences, will support an award of punitive damages, I would find that Big Three knew it was not the owner and thus intentionally deceived the plaintiff in warranting title.
This is so because to me the evidence is clear that Big Three’s agent allowed plaintiff to believe Big Three was the owner when in fact the agent was the owner. Indeed, Big Three’s defense at trial had at its very core the claim that Mason, the agent, was the owner. Nevertheless, it warranted to plaintiff that it had clear title to the vehicle.
Viewed another way, Mason’s admitted failure to disclose his ownership amounted to the suppression of a material fact which he, as agent, or Big Three, as principal, had a duty to disclose. Under § 6-5-102, Code of Ala.1975, such suppression constitutes fraud.
In the very recent case of Neil Huffman Volkswagen Corporation v. Ridolphi, 378 So.2d 700 (Ala., 1979), the Supreme Court of Alabama upheld a jury award of punitive damages totaling over $27,000 when liability was predicated upon this statute. There, the salesman failed to disclose the fact that the used automobile plaintiff was contemplating purchasing had been wrecked despite the plaintiff’s express inquiries as to the condition of the car. Certainly, the information suppressed here, namely the true ownership of the vehicle, as known by the agent and principal, was just as vital as the information suppressed in Neil Huffman. Put another way, Big Three, the principal, clearly knew it was not the owner.
In closing, I could do no better than to set out the eloquent language of Mr. Justice Faulkner in Neil Huffman, supra:
The doctrine of . caveat emptor, if not already grounded, is a weak bird. The law now is consumer oriented, and federal and state laws (Truth-in-Lending, UCC, for example) have been passed for the protection of the consumer. It now appears that the seller is the one to be *1218 ware. This certainly appears to be true in the matter of the sale of used cars. It is a rare case when the seller and buyer of a used car stand on equal footing. In most cases the buyer is at the mercy of the seller, and when he pays a substantial portion of his monthly paycheck in car payments, he does not want to drive a car running sideways down the highway, or have the thing come out nude when he drives it through a carwash. These statements are made to emphasize the statutory law, particularly § 6-5-102....
I would only add to the penultimate quoted sentence, “or be owned by someone other than the dealer.”
I would affirm the verdict of the jury and the resulting judgment.